provisions at all. Next, what factual situations does the House fear might offend the constitutions? It appears that any advisory opinion on the question " 'would depend for resolution on whatever particular factual situations the Court would be forced to hypothesize.' " *Request for Advisory Opinion on the Constitutionality of 1979 PA 57,* 407 Mich 60 (1979), quoting *Advisory Opinion re Constitutionality of 1974 PA 272, supra* at 910. As this Court has consistently done in the past, we should deny the House's request on the basis that the question presented is too broad.

With respect to my second concern, the Court has modified the question submitted. The modification is not merely semantic. It changes the question to read, "Do the photo identification requirements of Section 523 of 2005 PA 71, MCL 168.523, *on their face,* violate either the Michigan Constitution or the United States Constitution?" The question submitted was whether the photo requirements of the act violate either constitution. The question has been changed to ask whether the photo requirements of the act *facially* violate either constitution. I question whether the Court has the authority so to alter a question presented under art 3, § 8 of the Michigan Constitution.

My concern is based on the fact that § 8 vests the power to request an advisory opinion solely in the Legislature and the Governor. By modifying the question, this Court effectively usurps the authority of the House to pose the question. Alternatively, the Court is acting, with no case or controversy before it, to create an issue that it chooses to address. *Federated Publications, Inc v City of Lansing,* 467 Mich 98, 112 (2002). Either way the Court unwisely ventures onto infirm constitutional terrain.

For these two reasons, I prefer to deny this request for an advisory opinion. At the very least, I would entertain oral argument and additional briefing before acting on the request. These would assist the Court in determining, if the request for an advisory opinion is granted at all, (1) whether it must not be limited to the facial constitutionality of 2005 PA 71 and (2) what constitutional provisions and factual situations the House of Representatives wishes the Court to consider in rendering its opinion.

*Leave to Appeal From Attorney Discipline Board Denied April 28, 2006:*
GRIEVANCE ADMINISTRATOR v MATHENY, No. 129778.